*323 The opinion of the Court was delivered by
Wardlaw, Ch.
The objection to the jurisdiction of the Court, presented by the third ground of appeal, lacks even plausibility. The suit is for account by wards against their guardian and his surety, who had also been executors of the estate from which the property of the plaintiffs now in controversy was derived; and account is one of the most general heads of jurisdiction in this Court, and most commonly exercised, as in the present instance, in suits by beneficiaries against trustees. It is immaterial that the trustee here was invested with his powers and duties by a foreign tribunal; for surely his fiduciary relation is not terminated by removal of himself and the trust funds beyond the limits of the State in which he was appointed. It would disgrace the Courts of any civilized country to afford immunity to a trustee who fled to their jurisdiction that he might embezzle the funds committed to his trust. This suit is not on the bond of defendants as the git, such as an action of debt which can be prosecuted only in the Court of Common Pleas: it is a bill for account, in which the bond is used merely as collateral evidence of the defendant’s liability.
The second ground of appeal affirms that the order for sale of the slaves was granted by a Court in North Carolina which had jurisdiction of the subject according to the laws of that State; and that the sale was made according to these laws, and should be treated as valid by foreign tribunals.
It sufficiently appears, that the Court of Pleas and Quarter Sessions which granted this order has jurisdiction of the subject under the law of North Carolina; but no proof is offered that by the procedure of that Court a guardian on his single petition can obtain lawful authority to sell the slaves of his ward, nor indeed that the law of that State affecting the questions of this case differs from the law of South Carolina. If such proof had been made, we might have recognized and followed the law and procedure loci contractus, but *324 in the absence of such proof we are left to the lights within onr territory, and must decide the case as if the order had been granted by a Court of this State of competent jurisdiction. It is fairly presumed that States denying their institutions from a common origin proceed on tlie same principles of adjudication and attain the same conclusions, unless changes by legislation or decisions be shown. Heidvs. Lamar, 1 Strob. Eq. 38-9. Putting aside this fact of common origin, every Court necessarily pursues its own rules and doctrines for the interpretation and execution of contracts and judgments, although made or pronounced in a foreign country, where the evidence exhibits no difference concerning the subject in the law of the foreign country. No other mode' of decision is rational'and practicable.
In equity the general rule is that all persons, whether adults or infants, shall be made parties to a suit who are materially interested in the object of the suit and the questions to be therein decided. As between trustees and beneficiaries all of both classes are necessary parties generally, although an exception is tolerated in suits by beneficiaries where one of several trustees is pursued for his particular breach of trust; and exceptions are allowed in suits by trustees, first where the object of the suit is merely to obtain from some third person possession of the trust property, and it is indifferent to the equitable claimants whether the trustees succeed or fail, and secondly, where the trustees fully represent the beneficiaries. The last exception is the only one requiring consideration in this case. The -most familiar instance of this exception is in suits by or against executors and administrators concerning the personalty, as to which they are by law the owners and the representatives of the legatees and distributees ; and usually in such suits the rights of the beneficiaries are held to be sufficiently represented and their interests protected in the names and persons of their said trustees: Sto. Eq. PL sec. 207, 208; Calvert on Part. 8, 20, 207, 315.
*325 The rule requiring beneficiaries to be parties where they are interested in the questions for adjudication is applicable although the trustees have the legal title, for trustees are not the real owners of the trust estate, and are rather agents of the beneficiaries for the execution of certain trusts, and it is among their duties to require the real owners to be brought before the Court. Holland vs. Balter, 2 Hare, 624 ; 3 Hare, 68. Of course the rule is more vigorously exacted where trustees have not the legal title of the trust estate. It was adjudged in Bailey vs. Patterson, 3 Rich. Eq. 156, and recognized in Gasón vs. Long, 4 Rich. Eq. 60, that a guardian has not the legal title of his ward’s chattels, and that his sale of them is voidable at the option of the ward. Long ago it was decided in Inwood vs. Twyne, Amb. 41; 2 Eden 148, that a guardian could uot change the character of his ward’s estate, without the authority or sanction of the Court; and this doctrine was recognized in Oapehart vs. Huey, 1 Hill, Ch., 409. In my opinion alienation by a guardian of his ward’s chattels, under an order obtained on his ex parte application, is not materially distinguishable from his private, self-moved alienation. On such application the Court does not properly pronounce any judgment, and simply expresses a professional opinion, assuming the truth of a one-sided statement of facts which may mislead. Suppose Cne formerly guardian should obtain an improvident order from the Court on his single petition for the sale of his late ward’s chattels, after the ward had obtained full age, upon some showing, apparently strong,.that a sale was necessary for the convenience of settlement, or other reason, none would contend that the owner would be barred by the plea of res judicata ; and surely infants, a class peculiarly within the protection of the Court, are entitled to as benignant relief as adults in the same circumstances. In the case supposed, the fiduciary relation would not be terminated until full and fair settlement between the guardian and *326 adult ward; and tlie case of an infant seems to be stronger where trust and disability concur in his behalf.
It is argued that the order of the Court in this case is in effect a mere direction to a trustee concerning the management of his trust, and that in such applications for direction and advice guardians sufficiently represent their wards. This reasoning proceeds on misapprehension of the facts. Management of an estate implies its administration in its existing state ; but the order here affected the corpus of the estate and a change of its nature. Authorities have already been cited to show that a guardian is not legal owner and cannot change the nature of his ward’s estate without judicial leave obtained in a regular suit where the real owner may be heard. Again, the Court owes the duty of determining the rights of litigants when presented by regular pleading, and has the power of compelling parties to execute its decrees; but it is under no obligation to bestow professional counsel on those who may solicit advice, however earnestly, in violation of the rules of practice, and cannot enforce its opinions upon persons unrepresented in a controversy. Trustees of charities perhaps may obtain directions from the Court without much nicety in their forms of application; but ordinary trustees have no privilege not belonging to suitors generally.
The practice of this Court in South Carolina, on this subject of parties to suits, was not formerly so strict as that which now prevails. In Spencer vs. Banh, Bail. Eq. 468, land had been sold for payment of the debts of an intestate, under a decree of this Court obtained on the ex parte petition of the widow of intestate, she being a distributee, and the adminis-tratrix ; and it was held that infant distributees were bound by this decree so far as the title of the purchaser of the land was involved. There were other important issues in this case, and the judgment, has always been followed and approved so far as it decided that a master or commissioner is a proper substitute for the parties to make conveyances in partition, *327 (which was the great point in controversy,) and so far as it decided that infants equally with adults are hound by a decree until it be reversed or vacated. It is very questionable however, whether, in the stricter procedure now pursued, an administrator would be recognized in this Court as adequately representing the heirs in a suit concerning the lands. As to personalty, he being the legal owner may be treated as representative of the distributees; but as to real estate he is representative only because the statute 5 Greo. II., c. 7, (2 Stat. 570,) makes lands like personalty liable in this State to the satisfaction of the demands of general creditors. In the construction of this statute, the Law Court determined (Martin vs. Latta, 4 McC. 129 ; D’ Urphy vs. Neilson, lb. n.) that the lands of a testator or intestate may be sold for his debts under a fi. fa. against his executor or administrator without making devisees or heirs parties to the proceeding by notice or otherwise, and although there might be personal assets sufficient to satisfy the debts. The doctrine of these cases has been much disparaged in subsequent cases, (Hull vs. Hull, 3 Rich. Eq. 87, and cases there cited,) but not overruled; and it afforded the principal ground for the decision in Spencer vs. Bank, on the point in question. This last case, rightly-or wrongly decided, does not conclude the one under consideration, for the reasons, that there is a great difference, already discussed, in the power over the estate between an administrator and a guardian, that there and not here the controversy was with an innocent purchaser, and that more recent cases support the doctrine of the circuit decree now in question.
It is not intended to be intimated, that the purchaser in this case could not have been successfully pursued, if he and the slaves had been found within the jurisdiction. The sound view as to the protection of purchasers in judicial sales, is well expressed by Lord Redesdale, in Bennett vs. Hamill, 2 Sch. & Lef. 577-8. “A purchaser may rightfully presume that the Court, before its order for sale, used the *328 proper measures for the investigation of tire rights of parties, and on such investigation properly decreed a sale, but lie must see that the decree binds the parties claiming the estate, or in other terms that all parties to be bound are before the Court.”
In jBoggs vs. Adger, 4 Rich. Eq. 408, it appears, by the circuit decree, most of which is suppressed in the report, that Chancellor Harper, who delivered the opinion of the Court of Appeals in Spencer vs. Bank, refused to make any order on the' petition of an administrator to change the investment of infants’ funds, although confessedly judicious, on the ground that the infants were not parties'to the proceeding.
In Sollee vs. Orofi, 7 Rich. Eq. 43, it whs held that orders for sale of the trust estate of infants, obtained on the ex parte petition of the trustee do not operate as estoppels of the infants. The reasoning on which the decree proceeds is, that it is plainly unjust and against equity that any claimant, legal or equitable, should be barred by the judgment in a controversy where he was not fully represented, nor permitted to assert his rights before the Court, and that- infants should be represented by responsible next friends- who have no adversary interests which might obstruct the full hearing of the infants’ claims. This is a direct authority on the question. No distinction between that case and the present has been suggested except that there the trustee" was himself the purchaser of the slaves sold. The slave Jim, and the hire of the slaves while in Pearson’s possession, for which the trustee was charged, are not within this distinction; but passing by this, the purchases of the trustee had been expressly confirmed by the Court on his petitions, and the practical question of the case was whether the infants were so represented by the trustee as to be barred by the decrees, and it was adjudged that they were not.
Judge Evans, speaking for the Law Court in Wadsworth vs. Letson, 2 Hill, 277, says: “ The decisions fully establish *329 that where effect is attempted to be given to the judgments of another State, they are examinable so far at least as to inquire whether the defendant was a party to the proceeding; for by the laws of all civilized countries, no man is bound by a judicial proceeding where he was no party, had no notice and no opportunity of making his defence.” See Miller vs. Miller, 1 Bail. 242; 6 Wend. 449. If the foreign Court recognized as a party the person sought to be charged' here, effect would be given to that recognition although he may not have been made a party according to our procedure.
The second ground of appeal is dismissed.
On the first ground it is deemed unnecessary to make additional remarks.
It is ordered and decreed that the circuit decree be affirmed, and the appeal dismissed.
Johnston and Daegan, CO., concurred.